## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| LESA BRANDON, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-4013 |
| | § | |
| LIFE CARE CENTERS OF | § | |
| AMERICA, INC., *et al.*, | § | |
|     Defendants. | § | |

## MEMORANDUM AND ORDER

This employment case is before the Court on the Motion for Partial Dismissal ("Motion") [Doc. # 10] filed by Defendant Life Care Centers of America, Inc. ("Life Care"). Plaintiff Lesa Brandon filed a Response [Doc. # 12] and a Supplemental Response [Doc. # 15], and Life Care filed a Reply [Doc. # 16]. Defendants seek dismissal of Plaintiff's state law claims for intentional infliction of emotional distress, negligence, and gross negligence. After reviewing the parties' submissions, the record, and the applicable authorities, the Court determines that Life Care's Motion should be granted as to the intentional infliction of emotional distress claim and denied as to the negligence and gross negligence claims.

## I.    BACKGROUND FACTS

Plaintiff is an African-American who was employed by Defendants at the Vosswood Nursing Center. Plaintiff was originally hired in February 2003 as a Staff

Development Manager, but was later assigned to work as a floater nurse and then as a charge nurse.

Plaintiff alleges that she complained that the work was not being evenly distributed.  Plaintiff also alleges that she complained that Caucasian nurses received better schedules, were paid more money, and were not disciplined as quickly or as severely as African-American nurses.  Plaintiff alleges that Defendants did not properly address her concerns and, indeed, retaliated against her for making the complaints.

Plaintiff alleges that she continued to complain about race discrimination and continued to be subjected to retaliatory discipline.  Plaintiff alleges that she was subjected to a racially-charged tirade from the medical director and, rather than address the race-based attack, Defendants suspended Plaintiff pending an investigation.

Defendants terminated Plaintiff's employment in August 2004.

Plaintiff filed this lawsuit alleging race discrimination and retaliation under Title VII of the Civil Rights Act of 1964 and 1991.  Plaintiff also alleged that Defendants were negligent and grossly negligent in "(a) failing to provide and maintain a non-discriminatory work environment, (b) failing to adequately train their employees concerning the federal anti-discrimination laws, including Title VII, and

(c) failing to adequately train and supervise their employees." *See* Complaint, ¶ 49. Plaintiff's final claim is for intentional infliction of emotional distress.

Life Care moved to dismiss the intentional infliction of emotional distress claim, as well as the negligence and gross negligence claims. The Motion has been fully briefed, and it is ripe for decision.

## II.   ANALYSIS

### A.   Standard on Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Priester v. Lowndes County*, 354 F.3d 414, 418 (5th Cir. 2004). The complaint must be liberally construed in favor of the plaintiff and all well-pleaded facts taken as true. *Id.* The district court may not dismiss a complaint under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Put differently, a claim is legally insufficient under Rule 12(b)(6) "only if there is no set of facts that could be proven consistent with the allegations in the complaint that would entitle the plaintiff to relief." *Power Entertainment, Inc. v. Nat'l Football League Properties, Inc.*, 151 F.3d 247, 249 (5th Cir. 1998). The Court must determine whether the

complaint states any valid claim for relief in the light most favorable to the plaintiff and with every doubt resolved in the plaintiff's behalf. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

### B.   Intentional Infliction of Emotional Distress

Under Texas law, the tort of intentional infliction of emotional distress is a "gap-filler." *Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 (Tex. 2005); *Hoffman-LaRoche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004). A "gap-filler" tort is "judicially created for the limited purpose of allowing recovery in those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress." *Id*.

In *Hoffman-LaRoche*, the Texas Supreme Court held that a plaintiff cannot circumvent statutory remedies by collecting damages based on an intentional infliction of emotional distress claim. *See Hoffman-LaRoche*, 144 S.W.3d at 447. "If the gravamen of a plaintiff's complaint is the type of wrong that the statutory remedy was meant to cover, a plaintiff cannot maintain an intentional infliction [of emotional distress] claim regardless of whether he or she succeeds on, or even makes, a statutory claim." *Id*. at 448. Consequently, when a plaintiff alleges a claim for intentional infliction of emotional distress based generally on the same facts as her Title VII claim, the former is preempted. *See Stewart v. Houston Lighting & Power Co.*, 998

F. Supp. 746, 757 (S.D. Tex. 1998) (citing *Jackson v. Widnall*, 99 F.3d 710, 716 (5th Cir. 1996)).

In *Creditwatch*, the Texas Supreme Court again held unequivocally that where a plaintiff's "complaints are covered by other statutory remedies, she cannot assert them as intentional infliction claims . . .." *Creditwatch*, 157 S.W.3d at 816. The Supreme Court noted that the tort "was never intended as an easier and broader way to pursue claims already protected by our expanding civil and criminal laws." *Id.* at 818. In *Creditwatch*, the existence of statutory remedies precluded the plaintiff's claim for intentional infliction of emotional distress even though her statutory claims were time-barred. *Id.* at 816.

In this case, Plaintiff bases her intentional infliction of emotional distress claim on allegations that Dr. Bijuu Oommen, the medical director, engaged in a "vicious, unprovoked, racially charged tirade . . .." *See* Complaint [Doc. # 1], ¶ 30. Because Plaintiff's tort claim for intentional infliction of emotional distress and her Title VII claims arise from related factual allegations of racially motivated conduct, her intentional infliction of emotional distress claim cannot survive. *See Creditwatch*, 157 S.W.3d at 816 (disallowing plaintiff's intentional infliction of emotional distress claim because her complaints "all stemmed from" the alleged lewd advances and subsequent retaliation on which she based her sexual harassment and retaliation

claims); *Hoffman-LaRoche*, 144 S.W.2d at 447-48.   Thus, Plaintiff's claim for intentional infliction of emotional distress must be dismissed.

### C.   <u>Negligence and Gross Negligence Claims</u>

Plaintiff alleges that Defendants were negligent and grossly negligent in "(a) failing to provide and maintain a non-discriminatory work environment, (b) failing to adequately train their employees concerning the federal anti-discrimination laws, including Title VII, and (c) failing to adequately train and supervise their employees." *See* Complaint, ¶ 49.   Defendants argue that these claims are preempted and should be dismissed.

It is unclear under Texas law whether claims of negligent (or grossly negligent) training and supervision which are based on an employee's discriminatory conduct are preempted by the Texas Commission on Human Rights Act ("TCHRA").   The parties have cited conflicting cases from both the Texas state courts and the federal district courts within the Fifth Circuit.   *See Martin v. Kroger Co.*, 65 F. Supp. 2d 516, 562-63 (S.D. Tex. 1999) (preemption); *Stinnett v. Williamson County Sheriff's Dept.*, 858 S.W.2d 573, 576-77 (Tex. App. – Austin 1993, writ denied) (preemption); *Johnson v. Blue Cross/Blue Shield of Texas*, 375 F. Supp. 2d 545, 549 (N.D. Tex. 2005) (no preemption); *Gonzalez v. Willis*, 995 S.W.2d 729, 738 (Tex. App. – San Antonio 1999, no pet.) (no preemption).   Neither party cites a controlling Texas

Supreme Court or Fifth Circuit case.  Given the strong disfavor with which motions to dismiss are viewed and the uncertain state of the law, the Court declines to dismiss the negligence and gross negligence claims at this stage of the proceedings.

## III.   CONCLUSION AND ORDER

Plaintiff's claim for intentional infliction of emotional distress fails to state a claim upon which relief can be granted.  It is not clear, however, that her negligence and gross negligence claims would be preempted under Texas law.  Accordingly, it is hereby

**ORDERED** that Life Care's Motion for Partial Dismissal [Doc. # 10] is **GRANTED** as to the intentional infliction of emotional distress claim and **DENIED** as to the negligence and gross negligence claims.

SIGNED on this the **8th** day of **March, 2006**.

Nancy F. Atlas
United States District Judge